UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPITOL ONE, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-3614 |
| | § | |
| CUSTOM LIGHTING & ELECTRIC, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the court is defendant Custom Lighting & Electric, Inc.'s ("Custom Lighting") motion for summary judgment or in the alternative motion for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Dkt. 17. Custom Lighting claims that plaintiff Capital One, N.A.'s claim is barred by the statute of limitations. Capital One argues that its claim is not barred by the statute of limitations. Dkt. 19. Alternatively, Capital One moves for a continuance under Rule 56(f) so that it may depose Custom Lighting's attorney and its corporate representative. *Id.* Capital One hopes to obtain testimony at these depositions supporting its contention that Custom Lighting acknowledged the debt at issue, thus tolling the statute of limitations. *Id.* The court has reviewed the motions, response, and applicable law, and is of the opinion that Custom Lighting's motion for summary judgment (Dkt. 17) as is pertains to Capital One's claim for recovery of debt owed should be GRANTED, Custom Lighting's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 17) as it pertains to Capital One's common law

indemnity claim should be GRANTED,[1] and Capital One's motion for a continuance (Dkt. 19) should be DENIED.

**I. Background**

In August or September of 2005, Capital One's predecessor Hibernia National Bank (hereinafter Hibernia and Capital One will be referred to collectively as "Capital One"), leased an office building in Houston, Texas from UBS Realty Investors, LLC. *See* Dkts. 3, 17 19. To prepare for the potential landfall of Hurricane Rita on the Gulf Coast, Capital One entered into an agreement with Custom Lighting whereby Custom Lighting would deliver, install, and fill a diesel fuel storage tank on the grounds of the office building. *See* Dkts. 3, 17, 19. Capital One contends that either Custom Lighting or one of the third-party defendants spilled a large amount of diesel fuel onto the property when the storage tank was being filled. Dkt. 3. UBS hired an environmental remediation company, $MEC^x$, LLC, to clean up the spill. *Id.* UBS then demanded that Capital One pay the $MEC^x$ invoice. *Id.* The invoice received by Capital One is dated November 25, 2005. Dkt. 19, Exh. 1, Exh. B.

On October 10, 2008, Capital One sent a letter to Custom Lighting's attorney requesting payment for the environmental remediation work. Dkt. 19, Exh. 1, Exh. A. On October 23, 2008, Custom Lighting's attorney sent a letter to Empire Fire & Marine Insurance Company requesting that the insurance company defend and hold Custom Lighting harmless. Dkt. 19, Exh. 1, Exh. D. On November 6, 2009, Capital One sued Custom Lighting for the debt relating to the environmental remediation work. Dkt. 1.

---

[1] The court does not reach Custom Lighting's request for summary judgment on the common law indemnity claim because it finds that Capital One has failed to state a claim for common law indemnity under Rule 12(b)(6).

2

Custom Lighting files the instant motion for summary judgment, claiming that Capital One's claims are barred by the four-year statute of limitations because they related to a fuel spill that occurred in September of 2005—more than four years before this suit was filed. Dkt. 17. Capital One argues that the statute of limitations should run from the date it was invoiced for the environmental remediation work that was allegedly caused by Custom Lighting's actions, which occurred on November 25, 2005—less than four years before this claim was filed. Dkt. 19. Capital One additionally argues that its cause of action may not have accrued until the date Capital One made a demand for payment to Custom Lighting, which occurred on October 18, 2008. *Id.*

Custom Lighting additionally argues that Capital One's claim for common law indemnity should be dismissed for failure to state a claim upon which relief can be granted because there is no common law indemnity under Texas law for the type of claim Capital One asserts. Dkt. 17. Capital One does not address this argument in its response. *See* Dkt. 19.

Capital One moves, in the alternative, for a continuance so that it can depose Custom Lighting's corporate representative and attorney. *Id.* Capital One claims that it has reason to believe that Custom Lighting acknowledged the debt and therefore tolled or restarted the applicable statute of limitations. *Id.*

## II. Statute of Limitations

Custom Lighting moves for summary judgment on Capital One's claims, arguing that the claims must be dismissed because they are barred by the applicable statute of limitation. Dkt. 17. Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

This is a diversity action brought in the state of Texas, and Texas law regarding statutory limitations therefore applies. *See Dunbar v. Seger-Thomschitz*, 615 F.3d 574, 577 (5th Cir. 2010) (As "this case is brought under federal diversity jurisdiction, the application of state statutory limitations periods is controlled by *Erie*") (citing *Erie R. Co. V. Thompkins*, 304 U.S. 64, 78 58 S. Ct. 817 (1938), and *Guaranty Trust Co. v. York*, 326 U.S. 99, 108-09, 65 S. Ct. 1464 (1945)); Dkt. 3 (First Amended Complaint). Under Texas law, "[l]imitations statutes afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of

4

documents or otherwise." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). Statutes of limitation "'are found and approved in all systems of enlightened jurisprudence,'" as they "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time . . . ." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S. Ct. 352 (1979) (quoting *Wood v. Carpenter*, 101 U.S. 135, 139, 25 L. Ed. 807 (1879)).

Under Texas law, the party asserting that a claim is barred by the statute of limitations bears the burden of proof on this issue. *See KPMG Peat Marwick v. Harrison Cnty. Hous.. Fin. Corp.*, 988 S.W. 2d 746, 748 (Tex. 1999). Custom Lighting asserts three different theories as to why Capital One's claims are barred by under Texas limitations laws. First, Custom Lighting argues that Capital One's claims are really tort claims that are barred by section 16.003 of the Texas Civil Practice and Remedies Code, which requires that various tort claims be brought within two years after the day that the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. A cause of action "accrues" "when facts come into existence that authorize a claimant to seek a judicial remedy." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998) (citations omitted). Thus, Customs Lightings argues that, to the extent Capital One's claims sound in tort, they are barred by the two-year statute of limitations because Capital One knew that a fuel spill had occurred in September 2005 and did not file suit until November 2009. Second, Custom Lighting argues that, to the extent Capital One's claims could be construed to be contract claims, they are barred by the four-year statute of limitations contained in section 16.004 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 16.004. Custom Lighting asserts that any breach of contract claims would have accrued when the fuel was spilled in September 2005, which is more than four years before Capital One filed its claim. Third, Custom Lighting argues that section 16.051 of the Texas Civil Practice and Remedies Code, which sets forth

a four-year statue of limitation on claims "for which there is no express limitations period, except for the recovery of real property," bars any of Capital One's claims that do not sound in contract or tort.

Capital One asserts that Custom Lighting's arguments relating to torts and contract are without merit because its claims are not tort claims or contract claims. Dkt. 19. Capital One does not address its claim for common law indemnity, but it argues that the claim for recovery of a debt owed is a distinct claim that is not barred by the statute of limitations. *See id.* Claims for recovery of debt are, like contract claims, governed by Texas Civil Practice and Remedies Code section 16.004. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004. Capital One argues that since its claim is for debt, not for breach of contract, the accrual date should be either (1) the date that Capital One received a bill from UBS for the remediation work; or (2) the date that Capital One made a demand for Custom Lighting to pay the debt. Both of these dates are within four years of the date that Capital One filed suit.

"A determination as to which statute of limitations is applicable depends upon the basic substance of the pleadings rather than the mere form of the cause of action." *Gallagher v. McClure Bintliff*, 740 S.W.2d 118, 119 (Tex. App.—Austin 1987, writ denied) (citing *Galveston H&S.A. Ry. Co. v. Roemer*, 1 Tex. Civ. App. 191, 20 S.W. 843 (1892, no writ), and *Int'l Printing Pressmen & Assistants Union v. Smith*, 145 Tex. 399, 198 S.W.2d 729, 735 (1947)). The court must determine "the makeup of the remedy sought . . . by assessing which action, with due regard to the defendant's rights, . . . would most amply redress the plaintiff." *Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 686 (Tex. App.—Amarillo 1998, writ denied). Thus, the "form or nomenclature of the cause of action" is not determinative. *Gambrinus Co. v. Galveston Beverage, Ltd.*, 264 S.W.3d 283, 289 (Tex. App.—San Antonio 2008, pet. denied) (citations omitted).

In making a claim for "recovery of debt owed" rather than for negligence or damage to property, Capital One is attempting to fashion a time-barred tort action into an action for a debt owed. Capital One argues that its claim for "debt owed" arose either when it was originally invoiced for the debt on November 25, 2005, or when it invoiced Custom Lighting for the debt on October 10, 2008. Dkt. 19. Under either of these theories, the legislatively created statute of limitations for tort actions would be meaningless. The timing of Capital One's receipt of a bill from UBS for the remediation work has no relevance to the potential liability of Custom Lighting. UBS could have waited a month, a year, or more to invoice Capital One for the work. Thus, even though both UBS and Capital One were aware of the damage caused by the fuel spill when it happened, UBS could have extended the statute of limitations indefinitely simply by failing to send a bill. Under Capital One's theory that the statute did not begin to run until Custom Lighting refused to pay the bill sent by Capital One, a party could just send a potential defendant a bill for the amount of damages to which that party believed it was entitled right before filing suit—no matter how long ago the actual conduct giving rise to the claim for damages occurred. The party would merely have to file a claim for "recovery of debt owed" rather than for the underlying tort claim.

Capital One's debt claim, no matter how it couches it, is for a tort occurring when the fuel was spilled, September 2005.[2] *See Black v. Willis*, 758 S.W.2d 809, 814 (Tex. App.–Dallas 1988, no writ) ("We . . . reject the view that [the plaintiff's] claim is technically an 'action for debt' which is governed by the four-year statute of limitations. An 'action for debt' is a contract claim, and courts have consistently refused to disguise tort actions as contract claims so that plaintiffs could

---

[2] If Capital One's underlying claim were a contract cause of action rather than a tort, the claim would have accrued when the breach occurred—September 2005. The statute of limitations for a contract claim is four years; since this lawsuit was filed in November 2009, it was filed after the statute of limitations expired under either scenario. Tex. Civ. Prac. & Rem. Code Ann. § 16.004.

7

enjoy a longer limitation period." (citations omitted)).[3] This underlying claim sounds in tort, whether it be negligence or damage to real property, and in Texas these types of claims are subject to a two-year statute of limitation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (A "person must bring suit for trespass for injury to the estate or to the property of another, . . . not later than two years after the day the cause of action accrues."); *Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 869 (Tex. App.—San Antonio 1997, no writ) ("Causes of action for negligence, gross negligence, and conversion are barred by a two-year statute of limitations."); *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997) ("Actions for damage to real property must be brought within two years of the injury."). This lawsuit, which Capital One filed in November 2009, was filed after the statute of limitations had run. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (setting a two-year statute of limitations for tort actions). Accordingly, Custom Lighting is entitled to judgment as a matter of law on Capital One's claim for "debt owed."

### III. Common Law Indemnity

In addition to its claim for "recovery of debt owed," Capital One asserts a claim for common law indemnity. Dkt. 3. Custom Lighting moves to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6), claiming that the Texas comparative negligence statute has abolished common law indemnity. Dkt. 17 at 8. Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Aschroft v. Iqbal,* ___ U.S.___, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955

---

[3] *See also, e.g.*, *Willis v. Maverick,* 723 S.W.2d 259, 261 (Tex. App.–San Antonio 1986), *affirmed*, 760 S.W.2d 642 (Tex. 1988) ("Courts. . . have refused to disguise tort actions as contract claims, so that plaintiffs could enjoy a longer limitation period."); *Hodge v. Northern Trust Bank of Tex., N.A.*, 54 S.W.3d 518, 522-23 (Tex. App.–Eastland 2001, pet. denied) (citations omitted) ("A plaintiff may not recast his claim in the language of another cause of action to avoid limitations or compliance with mandatory statutes or to circumvent existing case law contrary to the plaintiff's position.").

8

(2007). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct., at 1949 (quoting *Twombley*, 550 U.S. at 570). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, the plaintiff must demonstrate "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

Capital One's first amended complaint alleges that it incurred a debt of $110,336.91 for soil remediation that resulted from Custom Lighting's (or its agents') actions. Capital One claims that this debt should have been paid by Custom Lighting and that Capital One is entitled to common law indemnity because Custom Lighting did not pay the debt. Dkt. 3. In Texas, "[c]ommon law indemnity has been abolished by statutory comparative negligence with two exceptions: where liability is vicarious and for innocent retailers in products liability cases." *Equitable Recovery, L.P. v. Heath Ins. Brokers of Tex., L.P.*, 235 S.W.3d 376, 387 (Tex. App.—Dallas 2007, pet. dism'd) (citing *Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.2d 249, 255 n.10 (Tex. 2006)). Obviously, the latter circumstance does not apply here. The former circumstance, however, may have merit if Capital One's liability for the debt is entirely vicarious. In order to determine whether Capital One has a cause of action for common law indemnity on this theory, the court must determine whether "an implied obligation of indemnity [arose] out of the contractual relationship between the two companies." *Am. Alloy Steel, Inc. v. Armco, Inc.*, 777 S.W.2d 173, 175 (Tex.

App.—Houston [14th Dist.] 1989, no writ).  "[C]ommon law indemnity is recoverable by a defendant who, through no act of his own, has been made to pay for the negligence of another defendant based solely upon the relationship between the two defendants." *St. Anthony's Hosp. v. Whitfield*, 946 S.W.2d 174, 177-78 (Tex. App.—Amarillo 1997, pet. denied).  This obligation can arise when the parties have an agency or surety relationship.  *Am. Alloy Steel, Inc.*, 777 S.W.2d at 175.  Generally, a purely contractual relationship will not suffice.  *See Astra Oil, Inc. v. Diamond Shamrock Refining Co., L.P.*, 89 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (noting that the plaintiff had cited "no authority to support a finding of vicarious liability based solely on a contractual relationship").

Here, there are no allegations that Capital One and Custom Lighting had the type of relationship necessary to create a common law duty to indemnify.  Capital One does not allege that Custom Lighting was its agent or surety.  Indeed, the only relationship alleged is contractual, and, under Texas law, this type of relationship is not sufficient to sustain a claim for common law indemnity.  Accordingly, Capital One's claim for common law indemnity is DISMISSED under Federal Rule of Civil Procedure 12(b)(6).

## IV.  Motion for Continuance

Capital One moves, in the alternative, for additional discovery pursuant to Federal Rule of Civil Procedure 56(f), claiming that it needs to conduct a deposition of Custom Lighting's counsel and Custom Lighting's corporate representative about whether Custom Lighting acknowledged the debt, which Capital One claims would have tolled or restarted the applicable statute of limitations. A party may obtain a continuance under Rule 56(f) if it can demonstrate "1) why the [party] needs additional discovery and 2) how the additional discovery will likely create a genuine issue of

material fact." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999). Rule 56(f) motions are "generally favored" and "should be liberally granted." *Id.*

Capital One claims that it noticed the deposition of Custom Lighting's corporate representative on August 17, 2010 but had not yet had the opportunity to depose either the corporate representative or Custom Lighting's counsel when it filed its response on October 15, 2010. Dkt. 19. Capital One claims that it needs to take these depositions to show that Custom Lighting acknowledged the debt. *See id.*

Under Texas law, an "acknowledgment of the justness of a claim that appears to be barred by limitations" that is "made after the time that the claim is due" is admissible if "the acknowledgment is in writing and is signed by the party to be charged." Tex. Civ. Prac. & Rem. Code Ann. § 16.065 (Vernon 2008). Whether the writing is sufficient to constitute an acknowledgment of the debt is a question of law. *See In re Vineyard Bay Dev. Co., Inc.*, 132 F.3d 269, 271 (5th Cir. 1998) (interpreting Texas law). In order to satisfy section 16.065's "acknowledgment" requirement, the acknowledgment must:1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation." *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002). Additionally, one must be able to readily ascertain the amount of the obligation from the written acknowledgment of the debt. *Id.* (citing *Stefek v. Helvey*, 601 S.W.2d 168, 171 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.)). An acknowledgment meeting these criteria creates a new obligation. *See id.*

Capital One claims that four letters, which it attached to its response, suggest that Custom Lighting acknowledged the debt. None of these letters indicates that Custom Lighting unequivocally acknowledged that it was responsible for the "debt" incurred as a result of the remediation. Custom

Lighting's counsel authored three of the letters, and Custom Lighting's insurance carrier wrote the other one. First, Custom Lighting's counsel wrote a letter to General Marine on July 13, 2007, advising General Marine that his law firm had been retained "to collect costs of clean up and remediation of a diesel spill that occurred in Houston, Texas just prior to Hurricane Rita." Dkt. 19, Exh. F. On August 9, 2007, Custom Lighting's counsel wrote a letter to Custom Lighting advising that he had attempted to contact General Marine to make a demand on that company regarding the matter. Dkt. 19, Exh. E. This same day, Custom Lighting's counsel wrote a letter to UTEC advising that he could not represent both Custom Lighting and UTEC in the matter but noting that it would "be in the interest of both companies to make contact with the diesel supplier and get their insurer involved." Dkt. 19, Exh. G. While one could infer from these three letters that Custom Lighting felt some obligation to help collect payment for the remediation costs, these letters do not unequivocally acknowledge the debt. Moreover, the stronger inference is that Custom Lighting believed that General Marine or some other diesel supplier was obliged to pay the debt—not Custom Lighting. The final letter that Capital One attaches to support its contention that further discovery may create an issue of fact is a September 27, 2007, letter from Custom Lighting's insurer to Custom Lighting's counsel stating that it would not investigate the claim because the statute of limitations had run. Dkt. 19, Exh. H. Again, this letter does not acknowledge the debt. At most, it indicates that Custom Lighting anticipated that Capital One would request payment from Custom Lighting and that Custom Lighting therefore made an inquiry to its insurance company.

These letters do not suffice as acknowledgments of the debt for the additional reason that they were made to third parties, not to Capital One. "A promise or acknowledgment [of a debt] made to a stranger is not sufficient" to "interrupt the running of the statute, or remove the bar

12

completed by lapse of time."[4] *City of Houston v. Jankowskie*, 76 Tex. 368, 370, 13 S.W. 269 (1890); *see also Allied Chem. Corp. v. Koonce*, 548 S.W.2d 80, 82 (Tex. App.—Houston [1st Dist.] 1977, no writ) ("An acknowledgment to be sufficient as an implied promise to pay a barred debt must be made to or for the benefit of the party to whom the debt is due."). The letters that were written by Custom Lighting's counsel were addressed to Custom Lighting, UTEC, and General Marine. The letter written by the insurance company was addressed to Custom Lighting's counsel.

The depositions that Custom Lighting requests cannot remedy the problems associated with the summary judgment evidence it presents. There are no allegations that Custom Lighting made any promises directly to Capital One, in writing or otherwise, and the writings that Capital One has submitted as summary judgment evidence do not unequivocally acknowledge the debt. Capital One does not need additional discovery to know if Custom Lighting made a promise to Capital One to pay the debt. Moreover, as discussed in part II above, this is in reality a tort claim, not a claim for debt recovery. Accordingly, the court finds that additional discovery is not likely to create a genuine issue of material fact. Capital One's alternative motion for additional discovery under Rule 56(f) is therefore DENIED.

---

[4] Capital One does not claim that Custom Lighting made any promises to Capital One to repay the debt before the statute of limitations ran. If there had been an oral promise to pay the debt before the statute ran, as opposed to the letters that simply show that Custom Lighting knew about the debt and was trying to find somebody to pay it, then the court's analysis would be different. *See Fuqua v. Fuqua*, 750 S.W.2d 238, 242 (Tex. App.–Dallas 1988, writ denied) ("Despite [section 16.065's] requirements of a writing, the weight of authority indicates that an oral promise to repay a past due debt, if the promise is made before an action on the debt is barred by the statute of limitations, can create a valid contract which will support an action by the creditor after the limitations period has expired as to the original debt.").

## V. Conclusion

Custom Lighting's motion for summary judgment as to the debt claim (Dkt. 17) is GRANTED, Custom Lighting's motion to dismiss the common law indemnity claim under Rule 12(b)(6) (Dkt. 17) is GRANTED, and Capital One's motion for additional discovery (Dkt. 19) is DENIED.  Capital One's claims are hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on November 29, 2010.

_____
Gray H. Miller
United States District Judge